# EXHIBIT 6

**Translation No. I-54721**
**Book No. 656**
**Page 459**

Sandra Regina Mattos Rudzit

TRADUTORA PÚBLICA

---

*I, Sandra Regina Mattos Rudzit, certified public translator, duly admitted and sworn by the Commercial Registry of the State of São Paulo, Brazil, hereby certify that a copy of a document was submitted to me, written in Portuguese, the translation of which is as follows:*

---

## JUCESP - Commercial Registry of the State of São Paulo

Ministry of Industry, Foreign Trade and Services

Department of Business Registration and Integration - DREI

Economic Development Office

JUCESP

November 11, 2019

22

| | JUCESP PROTOCOL |
|---|---|
| | **2.183.145/19-5** |
| | (bar code) |
| **APPLICATION COVER** | INTERNET CONTROL |
| | **026737241-8** |
| | (bar code) |

(Written text: "FCI (21 illegible) 0216) 811931 64015")

**RECORD DATA**

| ACT | | | |
|---|---|---|---|
| Change in Corporate Name; Change in Other Articles of the Articles of Association/Bylaws; Restatement of the Head Office; Inclusion/Change of Members | | | |

| CORPORATE NAME | | | SIZE |
|---|---|---|---|
| NEXGENESIS HOLDINGS LTDA. | | | Normal |

| STREET | NUMBER | COMPLEMENT | POSTAL CODE |
|---|---|---|---|
| Avenida Francisco Matarazzo | 1500 | 6TH FLOOR | 05001-100 |

| CITY | STATE | PHONE | EMAIL |
|---|---|---|---|
| São Paulo | SP | | |

| NUMBER OF REQUIREMENT(S) | CNPJ- HEAD OFFICE | NIRE – HEAD OFFICE |
|---|---|---|
| 0 | 13.271.186/0001-65 | 3522514746-6 |
| | | (bar code) |

| IDENTIFICATION OF SIGNATORY SIGNING THE APPLICATION COVER | AMOUNTS PAID | SEQ. DOC. |
|---|---|---|
| NAME: ELAINE OLIVEIRA ZUCCHI (Manager) | DARE: R$145.91 | 1/1 |
| SIGNATURE (sgd) - DATE: 10/28/2019 | DARF: R$.00 | |

I DECLARE, UNDER THE PENALTIES OF THE LAW, THAT THE INFORMATION INCLUDED IN THE APPLICATION/PROCEEDING IS THE EXPRESSION OF THE TRUTH.

**FOR EXCLUSIVE USE OF THE COMMERCIAL REGISTRY OF THE STATE OF SÃO**

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.0▮▮▮ RG 8.222 837-1
Rua Matias Aires, 402- 5° andar, cj. 51 - 01309-020- São Paulo - SP- Brasil - Fone/Fax: 55-11-3155-7383- e-mail: just@just trd br- www.just.trd.br

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The
verification code at https://www.portaldeassinaturas.com.br:443 is 3600-BC14-32CA-32C4.                    Página 1 de 32



**Translation No. I-54721**
**Book No. 656**
**Page 460**

PAULO (INCLUDING BACK)

| PROTOCOL STAMP | DISTRIBUTION STAMP | ANALYSIS STAMP |
|---|---|---|
| JUCESP | (QR code) | JUCESP |
| ER 277 – CIESP | 0303 | CIESP- PAULISTA |
| PAULISTA | | GRANTED |
| NOV 07, 2019 | | NOV 11, 2019 |
| PROTOCOL | | (sgd) |
| | | Bianca da Cunha Fernandez |
| | | Technical Advisor of Public Registry |
| | | ID 29.158.145-6 |

| **EXHIBITS:** | EXCLUSIVE USE OF THE ANALYSIS SECTOR | REGISTRATION LABEL + STAMP |
|---|---|---|
| (x) DBE | (x) Personal Documents | Economic Development Office |
| (x) Power of Attorney | ( ) Valuation Report | JUCESP – Commercial Registry of the State of São Paulo |
| ( ) Court Authorization | ( ) Journal | I certify registration under number 571.927/19-1 |
| ( ) Deed of Distribution | ( ) Protocol / Justification | |
| ( ) Balance Sheet | ( ) Certificate | (sgd) Gisela Simiema Ceschin, Secretary General |
| ( ) Others | | |
| **NOTES:** | | Stamp of JUCESP – Commercial Registry of the State of São Paulo, dated November 11, 2019 –CIESP - PAULISTA |
| PRIOR EXAMINATION | | |
| Emerson | | |
| REGISTERED | | |
| E. R. CIESP | | |

## 27TH AMENDMENT TO THE ARTICLES OF ASSOCIATION OF
## RAKUTEN BRAZIL HOLDINGS LTDA.

### National Corporate Taxpayers Register of the Ministry of Economy (CNPJ/ME) No. 13.271.186/0001-65

### State Registration (NIRE) No. 35.225.147.466

By this instrument:

**I. RAKUTEN, INC.**, a corporation duly organized and existing in accordance with the laws of Japan, with principal place of business at 1-14-1 Tamagawa, Setagaya-ku, Tokyo 158-0094, Japan, registered under No. 0107-01-020592, enrolled with the National Corporate Taxpayers Register of the Ministry of Economy (CNPJ/ME) under No. 13.614.786/0001-89, represented herein by its lawful attorney-in-fact **LUIZ CARLOS GIANNINI TANISHO**, a Brazilian citizen, single, administrator, bearer of Identity Card (RG) No. 32.243.073-2 SSP/SP, enrolled with the Individual Taxpayers Register of the Ministry of Economy (CPF/ME) under No. 218.446.108-37, resident and domiciled in the City of São Paulo, State of São Paulo, at Rua Roma, No. 71, apartment 42, Tower B, Postal Code (CEP) 05050-090 ("**RAKUTEN**"); and

**II. RAKUTEN USA, INC.**, a corporation organized and existing in accordance with the laws of the State of Delaware, United States of America, with principal place of business in the City of San Mateo, State of California, at 800 Concar Dr, Postal Code 94402, USA, enrolled with the National Corporate

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.0▮▮▮ RG 8.222 837-1
Rua Matias Aires, 402- 5° andar, cj. 51 - 01309-020- São Paulo - SP- Brasil - Fone/Fax: 55-11-3155-7383- e-mail: just@just trd br- www.just.trd.br

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The verification code at https://www.portaldeassinaturas.com.br:443 is 3600-BC14-32CA-32C4.



Taxpayers Register of the Ministry of Economy (CNPJ/ME) under No. 26.169.864/0001-25, represented herein by its lawful attorney-in-fact **LUÍZ CARLOS GIANNINI TANISHO**, identified above ("**RAKUTEN USA**");

Being the only members of **RAKUTEN BRAZIL HOLDINGS LTDA.**, a limited liability company with principal place of business at Avenida Francisco Matarazzo, No. 1500, New York Tower, 6th floor, Água Branca, in the City of São Paulo, State of São Paulo, Postal Code (CEP) 05001-100, enrolled with the National Corporate Taxpayers Register of the Ministry of Economy (CNPJ/ME) under No. 13.271.186/0001-65, with its corporate documents duly filed with the Commercial Registry of the State of São Paulo (the "**JUCESP**") under State Registration (NIRE) No. 35.225.147.466 on February 14, 2011 and the 26th and last Amendment to its Articles of Association filed with the JUCESP under No. 546.000/19-8 on October 16, 2019 (the "**Company**");

And also:

**III. TOG BRAZIL HOLDINGS, INC.**, a corporation duly organized and existing under the laws of the State of Delaware, United States of America, with principal place of business at 850 New Burton Road, Suite 201, in the City of Dover, County of Kent, State of Delaware, United States of America, Postal Code 19904, enrolled with the National Corporate Taxpayers Register of the Ministry of Economy (CNPJ/ME) under No. 35.212.483/0001-72, represented herein by its lawful attorney-in-fact, **ELAINE OLIVEIRA ZUCCHI**, a Brazilian citizen, single living in a civil partnership, businesswoman, bearer of Identity Card (RG) No. 34.679.735-4 SSP/SP, enrolled with the Individual Taxpayers Register of the Ministry of Economy (CPF/ME) under No. 343.579.848-31, resident and domiciled in the City of São Paulo, State of São Paulo, at Avenida Paulista, No. 171, 4th floor, Bela Vista, Postal Code (CEP) 01311-000 ("**TOG BRAZIL**"),

Have resolved to amend the Articles of Association of the Company in accordance with the following terms, conditions and clauses:

## I. TERMINATION OF THE USUFRUCT ON THE SHARES

**1.1.** The members acknowledge that the usufruct of the share held by member **RAKUTEN USA** in the share capital of the Company in favor of member **RAKUTEN** has been terminated.

## II. ASSIGNMENT AND TRANSFER OF SHARES AND ONE-MEMBER COMPANY

**2.1.** Member **RAKUTEN USA** hereby withdraws from the Company and assigns and transfers for consideration its one (1) subscribed and paid-up share in the share capital of the Company, with a par value of one *Real* (R$1.00), together with everything that it represents, free and clear of any encumbrances, charges, and/or liens of any nature, to member **RAKUTEN**.

**2.2. RAKUTEN USA** hereby grants to the Company broad, general, irrevocable, and irreversible release of its assets, having nothing else to claim against it on any account whatsoever.

**2.3.** Immediately thereafter, member **RAKUTEN** withdraws from the Company and assigns and transfers for consideration all its one hundred and thirty-eight million two hundred and sixteen thousand seven hundred and fifty-six (138,216,756) subscribed and paid-up shares in the share capital of the Company, with a par value of one *Real* (R$1.00), in the total amount of one hundred and thirty-eight million two hundred and sixteen thousand seven hundred and fifty-six *Reais* (R$138,216,756.00), together with everything that they represent, free and clear of any encumbrances, charges, and/or liens, to **TOG BRAZIL**.

**2.4. RAKUTEN** hereby grants to the Company broad, general, irrevocable, and irreversible release of its assets, having nothing else to claim against it on any account whatsoever.

**2.5.** Accordingly, **TOG BRAZIL** becomes the sole member of the Company. Thus, if there is no intention to recompose a plurality of members, the Company is hereby converted into a one-member limited liability company under art. 1052, paragraph 1 of Law No. 10.406/02 (the Civil Code), as added by Law No. 13.874/19, and National Department of Business Registration and Integration (DREI) Normative Instruction No. 63/2019.



**2.6.** As a result of the resolutions above, sole member **TOG BRAZIL** has resolved to amend the Articles of Association, hereinafter referred to as the "Articles of Incorporation," to reflect the conversion of the Company into a one-member company by deleting Chapter IV, rephrasing the new Chapter V, and renumbering the subsequent chapters and articles, as well as deleting any references to a plurality of members, with the resulting amendment to the new Articles 5, 7, 8, 10, 11, 12, 13, 14, 15, and 21, which shall henceforth read as follows:

"***Article 5*** *– The share capital, fully subscribed and paid up in local currency, is one hundred and thirty-eight million two hundred and sixteen thousand seven hundred and fifty-six Reais (R$138,216,756.00), divided into one hundred and thirty-eight million two hundred and sixteen thousand seven hundred and fifty-six (138,216,756) registered shares with a par value of one Real (R$1.00) each, all of which are held by Sole Member **TOG BRAZIL**.*

***Sole Paragraph.*** *The liability of the Sole Member is limited to the value of the share capital.*"

"***Article 7*** *– The Company shall only be bound and represented:*

*(i) By the act or signature of any Manager acting in accordance with these Articles of Incorporation and with the Internal Regulations of the Company; or*

*(ii) By the act or signature of one attorney-in-fact with specific powers duly appointed in a power of attorney and in accordance with the powers granted thereunder.*

***Sole Paragraph.*** *All powers of attorney executed by the Company, which shall be necessarily and exclusively executed by any Manager, shall contain a clear description of the powers being granted, and shall be for a definite term no longer than one (1) year, except for powers of attorney granted to counsel for purposes of representation of the Company in court proceedings, which may be granted for an indefinite term.*"

"***Article 8*** *– Neither the Manager or Managers nor any attorney-in-fact shall, and any such act shall be therefore null and void vis-à-vis the Company, (i) take any acts outside the normal course of business of the Company or (ii) take the acts described below without prior express consent from the Sole Member:*

*(a) Granting any representation powers or designating any attorney-in-fact to represent the Company;*

*(b) Trading in its own shares to be held in treasury or for sale or cancellation;*

*(c) Contracting, as a borrower, any loan, financing, or mutuum with third parties, including financial institutions, above a credit limit of five million Reais (R$5,000,000.00);*

*(d) Contracting, as a lender, any loan, financing, or mutuum with third parties, except granting credits to clients in the amount of up to three million Reais (R$3,000,000.00);*

*(e) Operating bank accounts and/or writing, endorsing, accepting, or discounting checks and negotiable instruments or making payments in one or multiple transactions at an aggregate amount greater than five hundred thousand Reais (R$500,000.00);*

*(f) Purchasing or selling any real property of the Company appraised, according to the financial statements of the Company, at a value equal to or greater than two hundred thousand Reais (R$200,000.00) per transaction;*

*(g) Issuing money orders at amounts equal to or greater than two hundred thousand Reais (R$200,000.00) per transaction;*

*(h) Hiring and dismissing officers and/or key personnel of the Company, including the approval of their compensation, modification of the rights and guarantees granted to such persons, or definition as to indemnity payments;*

*(i) Negotiating, executing, renewing, or amending contracts, as well as executing any other documents, within the normal course of business of the Company, when the amount involved, in one or more transactions, is equal to or greater than two hundred thousand Reais (R$200,000.00);*

*(j) Purchasing, selling, and/or encumbering any real property of the Company or executing, amending, or terminating real estate leases on behalf of the Company;*

*(k) Approving that executives of the Company provide services to any third parties other than companies belonging to the same business group as the Company or exploit any business that potentially competes with the Company, as well as*

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.0▮▮▮ RG 8.222 837-1
Rua Matias Aires, 402- 5° andar, cj. 51 - 01309-020- São Paulo - SP- Brasil - Fone/Fax: 55-11-3155-7383- e-mail: just@just trd br- www.just.trd.br

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The verification code at https://www.portaldeassinaturas.com.br:443 is 3600-BC14-32CA-32C4.                    Página 4 de 32



approving transactions with executives of the Company that entail a potential conflict of interest;

(l) Filing or terminating any judicial or extrajudicial litigation when the amount involved is greater than one hundred thousand Reais (R$100,000.00) or filing any claim as a claimant outside the normal course of business of the Company;

(m) Initiating, abandoning, or settling any litigation that may affect the reputation and credibility of the Company and/or of its business group;

(n) Selling, donating, encumbering, or liquidating any interests held by the Company in other companies (including, without limitation, in companies controlled by the Company);

(o) Holding interests, directly or through any companies in which the Company holds any interest, in companies, joint ventures, associations, business groups, or consortiums of any type;

(p) Investing or acquiring any interest in other companies (including, without limitation, in any companies controlled by the Company);

(q) Approving any agreement between the Company and (a) any of its managers or (b) any related parties of the Company or of any of its Officers;

(r) Publishing any notices on the Company through any means of communication;

(s) Granting any guarantee in their own name or in the name of third parties;

(t) Waiving any claims or acknowledging a loss on claims of the Company at amounts greater than two hundred thousand Reais (R$200,000.00); and

(u) Making any decision regarding subsidiaries, entities, companies, or ventures in which the Company holds an interest.

**Sole Paragraph** – The prior express consent from the Sole Member mentioned in the Main Provision of this Article shall be granted in writing and may be sent by email, facsimile, or registered mail to the Manager. Such consent shall be issued by the Sole Member represented by its officers with the required powers, and may only be issued by attorneys-in-fact of the Sole Member upon specific written authorization from the Sole Member (which may be evidenced by email or any other signed document)."

"**Article 10** – As of December 31 of each year, and whenever required by the applicable regulations, the Company shall arrange for the preparation of a balance sheet and other financial statements set forth in the legal and regulatory provisions in force.

**Sole Paragraph.** The Company may prepare interim trial balances or balance sheets for the purpose of distributing profits or dividends, upon prior express consent from the Sole Member."

"**Article 11** – The Company shall only be dissolved upon resolution of the Sole Member or in the events set forth in law. In such case, its assets and liabilities shall be liquidated, and any remaining corporate assets shall be attributed to the Sole Member. The Sole Member shall establish the liquidation method and appoint a liquidator among individuals or legal entities of unblemished reputation residing and domiciled in the Federative Republic of Brazil."

"**Article 12** – The Company may be converted into any other type of organization upon resolution of the Sole Member."

"**Article 13** – Any dispute, controversy, or conflict of any nature whatsoever arising from or relating to these Articles of Incorporation and interests of the Sole Member in the Company (a "_Dispute_"), including disputes between the Company and the Sole Member and the managers and the Company or the Sole Member, shall be resolved by arbitration."

"**Article 14** – Prior to institution of arbitration to resolve any Dispute, the parties shall attempt to negotiate an amicable settlement of the Dispute within thirty (30) days from the receipt of written notice sent by either party to the other."

"**Article 15** – If the parties fail, for any reason, to settle the Dispute amicably within the period of thirty (30) days set forth above, the Dispute shall be referred to arbitration before the Arbitration Center of the BMF&Bovespa (sic) Market Arbitration Chamber ("_CAM_") in accordance with the arbitration rules of the Chamber (the "_Rules_") in force at the time when the Chamber receives notice to institute arbitration, unless otherwise established in these Articles of Incorporation or by mutual agreement between the parties. Any controversy relating to the institution of the arbitration shall be finally resolved by the arbitrators in accordance with the provisions of this Chapter VII."

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.018- RG 8.222 837-1
Rua Matias Aires, 402- 5° andar, cj. 51 - 01309-020- São Paulo - SP-  Brasil - Fone/Fax: 55-11-3155-7383- e-mail: just@just trd br- www.just.trd.br

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The
verification code at https://www.portaldeassinaturas.com.br:443 is 3600-BC14-32CA-32C4.                                    Página 5 de 32



*"Article 21 – The parties shall preserve the confidentiality of all aspects of the arbitration and shall not disclose to third parties (except disclosure to a parent, subsidiary, or affiliate of the party on a need-to-know basis, if such affiliate is advised of the confidential nature of such information and instructed to keep such information confidential) all known information and documents produced during the arbitration that would not otherwise be disclosed in the public domain, all evidence and materials prepared for the purpose of the arbitration, and any rewards arising from the arbitration, except if and to the extent that such disclosure is required (i) by a law or regulation, (ii) to protect or seek a legal right, or (iii) to enforce or challenge an award before a court of competent jurisdiction. Any disputes relating to the confidentiality obligations set forth in these Articles of Incorporation shall be resolved by the Arbitration Panel."*

## III. CHANGE OF NAME

**3.1.** The member has resolved to change the name of the Company <u>from</u> **RAKUTEN BRAZIL HOLDINGS LTDA.** <u>to</u> **NEXGENESIS HOLDINGS LTDA.**

**3.2.** As a result of the resolution above, the member has resolved to amend Article 1 of the Articles of Incorporation of the Company, which shall henceforth read as follows:

*"Article 1 – The name of the company shall be NEXGENESIS HOLDINGS LTDA. (the "Company"), which shall be governed by these articles of incorporations, by the legal provisions applicable to limited liability companies and, secondarily, by Law No. 6.404 of December 15, 1976, as amended from time to time, to the exclusion of any other non-binding commercial or corporate legal provision relating to limited liability companies."*

## IV. REMOVAL AND APPOINTMENT OF MANAGERS

**4.1.** The member hereby resolves to remove Mr. **RENE TOSHIRO ABE**, a Brazilian citizen, married, business administrator, bearer of Identity Card (RG) No. 16549437 SSP/SP, enrolled with the Individual Taxpayers Register of the Ministry of Economy (CPF/ME) under No. 132.125.298-65, resident and domiciled in the City of São Paulo, State of São Paulo, with business address at Avenida Francisco Matarazzo, No. 1500, 6th floor, New York Tower, Água Branca, Postal Code (CEP) 05001-100, from the position of manager of the Company, to which he was appointed under the 18th Amendment to the Articles of Association of the Company, filed with the JUCESP under No. 440.252/16-7 on October 7, 2016. As a result of such removal, all the powers granted to Mr. **RENE TOSHIRO ABE** are revoked from the date hereof.

**4.2.** Immediately thereafter, the member appoints Ms. **ELAINE OLIVEIRA ZUCCHI**, a Brazilian citizen, single living in a civil partnership, businesswoman, bearer of Identity Card (RG) No. 34.679.735-4 SSP/SP, enrolled with the Individual Taxpayers Register of the Ministry of Economy (CPF/ME) under No. 343.579.848-31, resident and domiciled in the City of São Paulo, State of São Paulo, at Avenida Paulista, No. 171, 4th floor, Bela Vista, Postal Code (CEP) 01311-000, to the position of manager of the Company for an indefinite term.

**4.3.** Ms. **ELAINE OLIVEIRA ZUCCHI** hereby takes office and represents, under the penalties of law, that she is not impeded by any special law from managing the Company nor has been sentenced to a penalty that prohibits her, even temporarily, from holding public office, for any bankruptcy crime, malfeasance, kickback or bribery, corruption, embezzlement, crime against the public interest, crime against the national financial system, antitrust crime, crime against consumer relations, public faith, or property.

**4.4.** As a result of the resolutions above, the member has resolved to amend Article 6 of the Articles of Incorporation of the Company, which shall henceforth read as follows:

*"Article 6 – The Company shall be managed by up to two (2) managers residing in Brazil (the "Managers"). The Manager or Managers shall be elected for an indefinite term and shall not be required to post bond in order to secure their acts of management.*

*Paragraph 1 – The Company shall be managed by Ms. ELAINE OLIVEIRA ZUCCHI, a Brazilian citizen, single living in a civil partnership, businesswoman, bearer of Identity Card (RG) No. 34.679.735-4 SSP/SP, enrolled with the Individual Taxpayers Register of the Ministry of Economy (CPF/ME) under No. 343.579.848-31, resident and domiciled in the City of São Paulo, State of São Paulo, at Avenida Paulista, No. 171, 4th floor, Bela Vista, Postal Code (CEP) 01311-000, who shall hold the position of Manager of the Company for an indefinite term and expressly represents, for all legal purposes and effects, that she is not impeded by any special law from managing the Company nor has been*

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.0██████ RG 8.222 837-1
Rua Matias Aires, 402- 5° andar, cj. 51 - 01309-020- São Paulo - SP-  Brasil - Fone/Fax: 55-11-3155-7383- e-mail: just@just trd br-  www.just.trd.br

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The
verification code at https://www.portaldeassinaturas.com.br:443 is 3600-BC14-32CA-32C4.                                    Página 6 de 32



**Translation No. I-54721**
**Book No. 656**
**Page 465**

sentenced (or is under the effects of a sentence) (i) that prohibits her, even temporarily, from holding public office, (ii) for any bankruptcy crime, malfeasance, kickback or bribery, corruption, or embezzlement, or (iii) for any crime against the public interest, against the national financial system, antitrust crime, crime against consumer relations, public faith or property.

***Paragraph 2*** *– The Company shall be represented, in or out of court, by the Manager or Managers, individually or jointly.*

***Paragraph 3*** *– Each Manager shall take office by signing (i) an instrument of investiture drawn up in the appropriate book of the Company within thirty (30) days of his appointment or (ii) an Amendment to the Articles of Incorporation or separate instrument under which he has been elected.*

***Paragraph 4*** *– In the event of resignation or permanent impediment of a Manager or any other vacancy, the Sole Member shall elect a replacement, who shall remain in office for the remainder of the term of the previous Manager.*

***Paragraph 5*** *– The Manager or Managers shall have the right to compensation in the amount set by the Sole Member, which compensation shall be charged to the general expenses of the Company.*

***Paragraph 6*** *– The Manager or Managers shall have unlimited personal liability for any obligations resulting from any acts taken beyond their powers or violation of the law or of these Articles of Incorporation. The Company shall not be bound to any acts taken outside the scope of its corporate purpose."*

## V. TERMINATION OF THE ADVISORY BOARD

**5.1.** The member has resolved to terminate the Advisory Board of the Company.

**5.2.** As a result of the resolution above, the member has resolved to delete the former Chapter IV (Advisory Board) from the Articles of Incorporation and renumber the subsequent articles, as well as to delete any references to the Advisory Board in the Articles of Incorporation.

## VI. RATIFICATION AND RESTATEMENT

**6.1.** As a result of the resolutions above, sole member **TOG BRAZIL** has resolved to restate the Articles of Incorporation, which shall henceforth read as follows:

### "ARTICLES OF INCORPORATION OF

### NEXGENESIS HOLDINGS LTDA.

**National Corporate Taxpayers Register of the Ministry of Economy (CNPJ/ME) No. 13.271.186/0001-65**

### State Registration (NIRE) No. 35.225.147.466

**TOG BRAZIL HOLDINGS, INC.**, a corporation duly organized and existing under the laws of the State of Delaware, United States of America, with principal place of business at 850 New Burton Road, Suite 201, in the City of Dover, County of Kent, State of Delaware, United States of America, Postal Code 19904, enrolled with the National Corporate Taxpayers Register of the Ministry of Economy (CNPJ/ME) under No. 35.212.483/0001-72, represented herein by its lawful attorney-in-fact, **Elaine Oliveira Zucchi**, a Brazilian citizen, single living in a civil partnership, businesswoman, bearer of Identity Card (RG) No. 34.679.735-4 SSP/SP, enrolled with the Individual Taxpayers Register of the Ministry of Economy (CPF/ME) under No. 343.579.848-31, resident and domiciled in the City of São Paulo, State of São Paulo, at Avenida Paulista, No. 171, 4th floor, Bela Vista, Postal Code (CEP) 01311-000 (the "Sole Member"),

Has resolved to incorporate a one-member limited business company under art. 1.052, paragraph 1 of the Civil Code, which shall be governed by the following terms and conditions:

### I – NAME, PRINCIPAL PLACE OF BUSINESS, PURPOSE, AND DURATION

**Article 1** – The name of the company shall be **NexGenesis Holdings Ltda.** (the "Company"), which shall be governed by these articles of incorporations, by the legal provisions applicable to limited liability companies, and, secondarily, by Law No. 6.404 of December 15, 1976, as amended from time to time, to the exclusion of any other non-binding commercial or corporate legal provision relating to

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.018 RG 8.222 837-1
Rua Matias Aires, 402- 5° andar, cj. 51 - 01309-020- São Paulo - SP- Brasil - Fone/Fax: 55-11-3155-7383- e-mail: just@just.trd.br- www.just.trd.br

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The
verification code at https://www.portaldeassinaturas.com.br:443 is 3600-BC14-32CA-32C4.                                    Página 7 de 32

**Translation No. I-54721**
**Book No. 656**
**Page 466**



Sandra Regina Mattos Rudzit
TRADUTORA PÚBLICA

limited liability companies.

**Article 2** – The Company shall have its principal place of business and domicile at Avenida Francisco Matarazzo, No. 1.500, New York Tower, 6th floor, Água Branca, Postal Code (CEP) 05001-100, in the City of São Paulo, State of São Paulo, and may, upon resolution of the Sole Member, open and close branches, agencies, and offices anywhere in the country.

**Article 3** – The purpose of the Company is the provision of consulting services regarding the arrangement of virtual stores and online shopping centers and marketing activities on the internet, as well as holding interests in other companies as a partner, member, or shareholder or in consortiums as a consortium member.

**Article 4** – The Company has an indefinite term of duration.

## II – SHARE CAPITAL

**Article 5** – The share capital, fully subscribed and paid up in local currency, is one hundred and thirty-eight million two hundred and sixteen thousand seven hundred and fifty-six *Reais* (R$138,216,756.00), divided into one hundred and thirty-eight million two hundred and sixteen thousand seven hundred and fifty-six (138,216,756) registered shares with a par value of one *Real* (R$1.00) each, all of which are held by Sole Member **TOG BRAZIL**.

**Sole Paragraph.** The liability of the Sole Member is limited to the value of the share capital.

## III – MANAGEMENT OF THE COMPANY

**Article 6** – The Company shall be managed by up to two (2) managers residing in Brazil (the "Managers"). The Manager or Managers shall be elected for an indefinite term and shall not be required to post bond in order to secure their acts of management.

**Paragraph 1** – The Company shall be managed by Ms. **ELAINE OLIVEIRA ZUCCHI**, a Brazilian citizen, single living in a civil partnership, businesswoman, bearer of Identity Card (RG) No. 34.679.735-4 SSP/SP, enrolled with the Individual Taxpayers Register of the Ministry of Economy (CPF/ME) under No. 343.579.848-31, resident and domiciled in the City of São Paulo, State of São Paulo, at Avenida Paulista, No. 171, 4th floor, Bela Vista, Postal Code (CEP) 01311-000, who shall hold the position of Manager of the Company for an indefinite term and expressly represents, for all legal purposes and effects, that she is not impeded by any special law from managing the Company nor has been sentenced (or is under the effects of a sentence) (i) that prohibits her, even temporarily, from holding public office, (ii) for any bankruptcy crime, malfeasance, kickback or bribery, corruption, or embezzlement, or (iii) for any crime against the public interest, against the national financial system, antitrust crime, crime against consumer relations, public faith or property.

**Paragraph 2** – The Company shall be represented, in or out of court, by the Manager or Managers, individually or jointly.

**Paragraph 3** – Each Manager shall take office by signing (i) an instrument of investiture drawn up in the appropriate book of the Company within thirty (30) days of his appointment or (ii) an Amendment to the Articles of Incorporation or separate instrument under which he has been elected.

**Paragraph 4** – In the event of resignation or permanent impediment of a Manager or any other vacancy, the Sole Member shall elect a replacement, who shall remain in office for the remainder of the term of the previous Manager.

**Paragraph 5** – The Manager or Managers shall have the right to compensation in the amount set by the Sole Member, which compensation shall be charged to the general expenses of the Company.

**Paragraph 6** – The Manager or Managers shall have unlimited personal liability for any obligations resulting from any acts taken beyond their powers or violation of the law or of these Articles of Incorporation. The Company shall not be bound to any acts taken outside the scope of its corporate purpose.

**Article 7** – The Company shall only be bound and represented:

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.0▮▮ RG 8.222 837-1
Rua Matias Aires, 402- 5° andar, cj. 51 - 01309-020- São Paulo - SP- Brasil - Fone/Fax: 55-11-3155-7383- e-mail: just@just trd br- www.just.trd.br

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The verification code at https://www.portaldeassinaturas.com.br:443 is 3600-BC14-32CA-32C4.                    Página 8 de 32

Translation No. I-54721
Book No. 656
Page 467

Sandra Regina Mattos Rudzit

TRADUTORA PÚBLICA

(i) By the act or signature of any Manager acting in accordance with these Articles of Incorporation and with the Internal Regulations of the Company; or

(ii) By the act or signature of one attorney-in-fact with specific powers duly appointed in a power of attorney and in accordance with the powers granted thereunder.

**Sole Paragraph.** All powers of attorney executed by the Company, which shall be necessarily and exclusively executed by any Manager, shall contain a clear description of the powers being granted, and shall be for a definite term no longer than one (1) year, except for powers of attorney granted to counsel for purposes of representation of the Company in court proceedings, which may be granted for an indefinite term.

**Article 8 –** Neither the Manager or Managers nor any attorney-in-fact shall, and any such act shall be therefore null and void vis-à-vis the Company, (i) take any acts outside the normal course of business of the Company or (ii) take the acts described below without prior express consent from the Sole Member:

(a) Granting any representation powers or designating any attorney-in-fact to represent the Company;

(b) Trading in its own shares to be held in treasury or for sale or cancellation;

(c) Contracting, as a borrower, any loan, financing, or mutuum with third parties, including financial institutions, above a credit limit of five million *Reais* (R$5,000,000.00);

(d) Contracting, as a lender, any loan, financing, or mutuum with third parties, except granting credits to clients in the amount of up to three million *Reais* (R$3,000,000.00);

(e) Operating bank accounts and/or writing, endorsing, accepting, or discounting checks and negotiable instruments or making payments in one or multiple transactions at an aggregate amount greater than five hundred thousand *Reais* (R$500,000.00);

(f) Purchasing or selling any real property of the Company appraised, according to the financial statements of the Company, at a value equal to or greater than two hundred thousand *Reais* (R$200,000.00) per transaction;

(g) Issuing money orders at amounts equal to or greater than two hundred thousand *Reais* (R$200,000.00) per transaction;

(h) Hiring and dismissing officers and/or key personnel of the Company, including the approval of their compensation, modification of the rights and guarantees granted to such persons, or definition as to indemnity payments;

(i) Negotiating, executing, renewing, or amending contracts, as well as executing any other documents, within the normal course of business of the Company, when the amount involved, in one or more transactions, is equal to or greater than two hundred thousand *Reais* (R$200,000.00);

(j) Purchasing, selling, and/or encumbering any real property of the Company or executing, amending, or terminating real estate leases on behalf of the Company;

(k) Approving that executives of the Company provide services to any third parties other than companies belonging to the same business group as the Company or exploit any business that potentially competes with the Company, as well as approving transactions with executives of the Company that entail a potential conflict of interest;

(l) Filing or terminating any judicial or extrajudicial litigation when the amount involved is greater than one hundred thousand *Reais* (R$100,000.00) or filing any claim as a claimant outside the normal course of business of the Company;

(m) Initiating, abandoning, or settling any litigation that may affect the reputation and credibility of the Company and/or of its business group;

(n) Selling, donating, encumbering, or liquidating any interests held by the Company in other companies (including, without limitation, in companies controlled by the Company);

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.0█████ RG 8.222 837-1
Rua Matias Aires, 402- 5° andar, cj. 51 - 01309-020- São Paulo - SP- Brasil - Fone/Fax: 55-11-3155-7383- e-mail: just@just trd br- www.just.trd.br



(o) Holding interests, directly or through any companies in which the Company holds any interest, in companies, joint ventures, associations, business groups, or consortiums of any type;

(p) Investing or acquiring any interest in other companies (including, without limitation, in any companies controlled by the Company);

(q) Approving any agreement between the Company and (a) any of its managers or (b) any related parties of the Company or of any of its Officers;

(r) Publishing any notices on the Company through any means of communication;

(s) Granting any guarantee in their own name or in the name of third parties;

(t) Waiving any claims or acknowledging a loss on claims of the Company at amounts greater than two hundred thousand *Reais* (R\$200,000.00); and

(u) Making any decision regarding subsidiaries, entities, companies, or ventures in which the Company holds an interest.

**Sole Paragraph** – The prior express consent from the Sole Member mentioned in the Main Provision of this Article shall be granted in writing and may be sent by email, facsimile, or registered mail to the Manager. Such consent shall be issued by the Sole Member represented by its officers with the required powers, and may only be issued by attorneys-in-fact of the Sole Member upon specific written authorization from the Sole Member (which may be evidenced by email or any other signed document).

## IV – FISCAL YEAR, FINANCIAL STATEMENTS, AND DISTRIBUTION OF PROFITS

**Article 9** – The fiscal year shall begin on January 1 and end on December 31 of each year.

**Article 10** – As of December 31 of each year, and whenever required by the applicable regulations, the Company shall arrange for the preparation of a balance sheet and other financial statements set forth in the legal and regulatory provisions in force.

**Sole Paragraph.** The Company may prepare interim trial balances or balance sheets for the purpose of distributing profits or dividends, upon prior express consent from the Sole Member.

## V – DISSOLUTION AND LIQUIDATION

**Article 11** – The Company shall only be dissolved upon resolution of the Sole Member or in the events set forth in law. In such case, its assets and liabilities shall be liquidated, and any remaining corporate assets shall be attributed to the Sole Member. The Sole Member shall establish the liquidation method and appoint a liquidator among individuals or legal entities of unblemished reputation residing and domiciled in the Federative Republic of Brazil.

## VI – CONVERSION

**Article 12** – The Company may be converted into any other type of organization upon resolution of the Sole Member.

## CHAPTER VII – ARBITRATION

**Article 13** – Any dispute, controversy, or conflict of any nature whatsoever arising from or relating to these Articles of Incorporation and interests of the Sole Member in the Company (a "Dispute"), including disputes between the Company and the Sole Member and the managers and the Company or the Sole Member, shall be resolved by arbitration.

**Article 14** – Prior to institution of arbitration to resolve any Dispute, the parties shall attempt to negotiate an amicable settlement of the Dispute within thirty (30) days from the receipt of written notice sent by either party to the other.

**Article 15** – If the parties fail, for any reason, to settle the Dispute amicably within the period of thirty (30) set forth above, the Dispute shall be referred to arbitration before the Arbitration Center of the BMF&Bovespa (sic) Market Arbitration Chamber ("CAM") in accordance with the arbitration rules of the Chamber (the "Rules") in force at the time when the Chamber receives notice to institute

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The verification code at https://www.portaldeassinaturas.com.br:443 is 3600-BC14-32CA-32C4.



**Translation No. I-54721**
**Book No. 656**
**Page 469**

arbitration, unless otherwise established in these Articles of Incorporation or by mutual agreement between the parties. Any controversy relating to the institution of the arbitration shall be finally resolved by the arbitrators in accordance with the provisions of this Chapter VII.

**Article 16** – The arbitration shall be administered to a panel of three (3) arbitrators (the "<u>Arbitration Panel</u>"), of whom one shall be selected by the claimant in the arbitration notice, other by the respondent in the answer, and the third, who shall serve as president of the Arbitration Panel, by the other two arbitrators within fifteen (15) days after the approval of the last of them. If the selection by the two co-arbitrators fails, CAM shall appoint the president of the Arbitration Panel by using the shortlist method. If there are multiple parties, either as claimants or as respondents, the joint claimants and the joint respondents shall each select a co-arbitrator. Any controversy relating to the selection of arbitrators by the parties and/or to the appointment of the third arbitrator shall be resolved by CAM.

**Article 17** – The arbitration shall be conducted in English, but any evidence may be produced by the parties in other languages without need for translation. The city of São Paulo, Brazil, shall be the seat of arbitration. The resolution of the Dispute shall be governed by the laws of Brazil and shall not be resolved ex aequo et bono.

**Article 18** – Any award rendered by the Arbitration Panel shall be final, mandatory, and binding on the parties and their successors and may be entered and enforced in any court of competent jurisdiction or even having jurisdiction over the relevant party and/or any of its assets.

**Article 19** – Without prejudice to the foregoing, the courts of the Judicial District of the Capital of the State of São Paulo are hereby elected as the exclusive courts of competent jurisdiction to (i) compel arbitration and (ii) request provisional remedies in order to protect rights prior to the formation of the Arbitration Panel. Notice of any provisional remedy granted by a court shall be immediately given by the claimant to CAM. Once formed, the Arbitration Panel may modify, stay, and terminate such remedies.

**Article 20** – Each party shall bear the costs and expenses involved in preparing and presenting its case, including the costs of counsel, assistants, and witnesses. The Arbitral award shall allocate to the losing party, or to both parties in proportion to the relative success of their allegations and claims, the costs and expenses of the arbitration, including attorney's fees.

**Article 21** – The parties shall preserve the confidentiality of all aspects of the arbitration and shall not disclose to third parties (except disclosure to a parent, subsidiary, or affiliate of the party on a need-to-know basis, if such affiliate is advised of the confidential nature of such information and instructed to keep such information confidential) all known information and documents produced during the arbitration that would not otherwise be disclosed in the public domain, all evidence and materials prepared for the purpose of the arbitration, and any rewards arising from the arbitration, except if and to the extent that such disclosure is required (i) by a law or regulation, (ii) to protect or seek a legal right, or (iii) to enforce or challenge an award before a court of competent jurisdiction. Any disputes relating to the confidentiality obligations set forth in these Articles of Incorporation shall be resolved by the Arbitration Panel.

**Article 22** – This arbitration agreement is binding on the Company, which expressly agrees to be bound by and comply with all the terms and conditions of this Chapter VII."

*[The closure and signatures are on the next page]*

*[closure and signatures of the 27th Amendment to the Articles of Association of Rakuten Brazil Holdings Ltda.]*

In witness whereof, the parties have executed this instrument in three (3) identical counterparts, in the presence of two (2) witnesses, to be filed with the Commercial Registry of the State of São Paulo for legal effect.

São Paulo, October 28, 2019.

<u>Members</u>:

(sgd)                                                    (sgd)

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.0▮▮▮ RG 8.222 837-1
Rua Matias Aires, 402- 5° andar, cj. 51 - 01309-020- São Paulo - SP- Brasil - Fone/Fax: 55-11-3155-7383- e-mail: just@just trd br- www.just.trd.br

**Translation No. I-54721**
**Book No. 656**
**Page 470**

Sandra Regina Mattos Rudzit

TRADUTORA PÚBLICA

**RAKUTEN, INC.**                                     **RAKUTEN USA, INC.**

By: Luiz Carlos Giannini Tanisho                 By: Luiz Carlos Giannini Tanisho

(sgd)

**TOG BRAZIL HOLDINGS, INC.**

By: Elaine Oliveira Zucchi

Appointed Manager:

(sgd)

**ELAINE OLIVEIRA ZUCCHI**

Witnesses:

1. (sgd)                                             2. (sgd)

Name: Angela Trajano                             Name: Kleber A. Silva

Identity Card (RG) No.: 27256174-5 [SSP/SP]      Identity Card (RG) No.: 27.565.417-5 SSP-SP

Taxpayers Card of the Ministry of Economy        Taxpayers Card of the Ministry of Economy
(CPF/ME) No.: 269.203.078-80                     (CPF/ME) No.: 218.046.908-05

Economic Development Office – JUCESP

Commercial Registry of the State of São Paulo

I certify registration under No. 571.927/19-1

(sgd) Gisela Simiema Ceschin, Secretary General

Stamp of the Commercial Registry of the State of São Paulo dated November 11, 2019.

Stamp: "Seen, Checked – ID No.: 29.153.145-6" initialed

Watermark: "NOT VALID AS A CERTIFICATE"

Pages initialed.

Page _ of _

*IN WITNESS WHEREOF I set my hand and seal to this translation.*

*São Paulo, September 15, 2021*

*Fees: R$2,230.72*
*Receipt No. 24020*

SANDRA REGINA MATTOS RUDZIT

Certified Translator

san/pas/305540.doc

SANDRA REGINA MATTOS RUDZIT - Tradutora Pública e Intérprete Comercial - Português - Inglês - Matrícula na JUCESP nº 1688- CPF 082.060.0▓▓ RG 8.222 837-1
Rua Matias Aires, 402- 5° andar, cj. 51 - 01309-020- São Paulo - SP- Brasil - Fone/Fax: 55-11-3155-7383- e-mail: just@just trd br- www.just.trd.br

F(21 + 62(6)

# JUCESP - Junta Comercial do Estado de São Paulo

Ministério da Indústria, Comércio Exterior e Serviços
Departamento de Registro Empresarial e Integração – DREI
Secretaria de Desenvolvimento Econômico

**JUCESP PROTOCOLO**
**2.183.145/19-5**

11 11 19

## CAPA DO REQUERIMENTO

**CONTROLE INTERNET**
026737241-8

## DADOS CADASTRAIS

| ATO |
|---|
| Alteração de Nome Empresarial; Alteração de Outras Cláusulas Contratuais/Estatutárias; Consolidação da Matriz; Inclusão/Alteração de Integrantes; |

| NOME EMPRESARIAL | | | | PORTE |
|---|---|---|---|---|
| NEXGENESIS HOLDINGS LTDA. | | | | Normal |

| LOGRADOURO | NÚMERO | COMPLEMENTO | CEP |
|---|---|---|---|
| Avenida Francisco Matarazzo | 1.500 | 6º andar | 05001-100 |

| MUNICÍPIO | UF | TELEFONE | EMAIL |
|---|---|---|---|
| São Paulo | SP | | |

| NÚMERO EXIGÊNCIA (S) | CNPJ - SEDE | NIRE - SEDE |
|---|---|---|
| 0 | 13.271.186/0001-65 | 3522514746-6 |

| IDENTIFICAÇÃO SIGNATÁRIO ASSINANTE REQUERIMENTO CAPA | VALORES RECOLHIDOS |
|---|---|
| NOME: ELAINE OLIVEIRA ZUCCHI (Administrador) | DARE: R$ 145,91 |
| ASSINATURA: _____ DATA: 28/10/2019 | DARF: R$ ,00 |

DECLARO, SOB AS PENAS DA LEI, QUE AS INFORMAÇÕES CONSTANTES DO REQUERIMENTO/PROCESSO SÃO EXPRESSÃO DA VERDADE.

## PARA USO EXCLUSIVO DA JUNTA COMERCIAL DO ESTADO DE SÃO PAULO (INCLUSIVE VERSO)

CARIMBO
**JUCESP**
ER 277 - CIESP
**PAULISTA**
★ 0 7 NOV. 2019 ★
**PROTOCOLO**

CARIMBO DISTRIBUIÇÃO
0
3
0
3

CARIMBO ANÁLISE
**JUCESP**
CIESP - PAULISTA
**DEFERIDO**
1 1 NOV. 2019
Bianca da Cunha Fernandez
Assessor Técnico do Registro Público
RG. 29.158.145-6

| ANEXOS: | EXCLUSIVO SETOR DE ANÁLISE | ETIQUETAS DE REGISTRO + CARIMBO |
|---|---|---|
| ( ✓ ) DBE | ( ✓ ) Documentos Pessoais | |
| ( ✓ ) Procuração | ( ) Laudo de Avaliação | |
| ( ) Alvará Judicial | ( ) Jornal | |
| ( ) Formal de Partilha | ( ) Protocolo / Justificação | |
| ( ) Balanço Patrimonial | ( ) Certidão | |
| ( ) Outros | | |

**JUCESP**
1 1 NOV. 2019
CIESP - PAULISTA
SECRETARIA DE DESENVOLVIMENTO ECONÔMICO - JUCESP
CERTIFICO O REGISTRO SOB O NÚMERO
GISELA SIMIEMA CESCHIN
SECRETÁRIA GERAL
571.927/19-1

**OBSERVAÇÕES:**

VISTA PRÉVIA

CADASTRADO
E.R. CIESP

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzit, JUCESP 1688. The

Página 13 de 32

Versão VRE.Reports : 1.0.0.0

28/10/2019 13:28:07 - Página 1 de 6



SEM VALOR DE ORIGINAO

VISTO
CONFERIDO
RG: 29.158.145-6

:SP
- CIESP
ISTA

/. 2019    ☆

OCOLO

## 27ª ALTERAÇÃO DO CONTRATO SOCIAL DA RAKUTEN BRAZIL HOLDINGS LTDA.

### CNPJ/ME: 13.271.186/0001-65
### NIRE: 35.225.147.466

Pelo presente instrumento,

**I.    RAKUTEN, INC.**, sociedade devidamente constituída e existente de acordo com as leis do Japão, com sede em 1-14-1 Tamagawa, Setagaya-ku, Tóquio 158-0094, Japão, registrada sob o nº 0107-01-020592, inscrita no CNPJ/ME sob o nº 13.614.786/0001-89, neste ato representada por seu bastante procurador, **LUIZ CARLOS GIANNINI TANISHO**, brasileiro, solteiro, administrador, portador da Cédula de Identidade RG nº 32.243.073-2 SSP/SP, inscrito no CPF/ME sob o nº 218.446.108-37, residente e domiciliado na Cidade de São Paulo, Estado de São Paulo, na Rua Roma, nº 71, apartamento 42, Torre B, CEP 05050-090 ("**RAKUTEN**"); e

**II.    RAKUTEN USA, INC.**, sociedade constituída e existente de acordo com as leis do Estado de Delaware, Estados Unidos da América,, com sede na Cidade de San Mateo, Estado da Califórnia, em 800 Concar Dr, Código Postal 94402, EUA, inscrita no CNPJ/ME sob o nº 26.169.864/0001-25, neste ato representada por seu bastante procurador, **LUIZ CARLOS GIANNINI TANISHO**, acima qualificado ("**RAKUTEN USA**").

Únicas sócias da **RAKUTEN BRAZIL HOLDINGS LTDA.**, sociedade empresária limitada, com sede na Avenida Francisco Matarazzo, nº 1.500, New York Tower, 6º andar, Água Branca, Cidade de São Paulo, Estado de São Paulo, CEP 05001-100, inscrita no CNPJ/ME sob o nº 13.271.186/0001-65, com seus atos constitutivos devidamente arquivados na Junta Comercial do Estado de São Paulo ("**JUCESP**") sob o NIRE 35.225.147.466, em 14 de fevereiro de 2011, e sua 26ª e última Alteração de Contrato Social registrada na JUCESP sob o nº 546.000/19-8, em sessão de 16 de outubro de 2019 ("**Sociedade**");

e, ainda,

**III.    TOG BRAZIL HOLDINGS, INC.**, sociedade devidamente constituída e existente de acordo com as leis do Estado de Delaware, Estados Unidos da América,

JUCESP

11 11 19

VISTO
CONFERIDO
RG: 29.158.149-6

com sede na 850 New Burton Road, Suite 201, Cidade de Dover, no Condado de Kent, Estado de Delaware, Estados Unidos da América, Código Postal 19904, inscrita no CNPJ/ME sob o nº 35.212.483/0001-72, neste ato representada por sua bastante procuradora, **ELAINE OLIVEIRA ZUCCHI**, brasileira, solteira em união estável, empresária, portadora da Cédula de Identidade RG nº 34.679.735-4 SSP/SP, inscrita no CPF/ME sob o nº 343.579.848-31, residente e domiciliada na Cidade de São Paulo, Estado de São Paulo, na Avenida Paulista, no 171, 4º andar, Bela Vista, CEP 01311-000 ("**TOG BRAZIL**"),

Resolvem alterar o Contrato Social da Sociedade, o que fazem de acordo com os seguintes termos, condições e cláusulas:

## I. EXTINÇÃO DO USUFRUTO DAS QUOTAS

**1.1.** As sócias reconhecem que o usufruto sobre a quota detida pela sócia **RAKUTEN USA** no capital social da Sociedade em favor da sócia **RAKUTEN** foi extinto.

## II. CESSÃO E TRANSFERÊNCIA DE QUOTAS E SOCIEDADE UNIPESSOAL

**2.1.** A sócia **RAKUTEN USA** neste ato retira-se da Sociedade, cedendo e transferindo, a título oneroso, sua 1 (uma) quota subscrita e integralizada no capital social da Sociedade, com valor nominal de R$ 1,00 (um real), com tudo que esta representa, livre e desembaraçada de qualquer ônus, encargos e/ou gravames de qualquer natureza, para a sócia **RAKUTEN**.

**2.2.** **RAKUTEN USA** outorga, neste ato, à Sociedade a mais ampla, geral, irrevogável e irretratável quitação de seus haveres, para dela nada mais reclamar, seja a que título for.

**2.3.** Em ato seguinte, a sócia **RAKUTEN** retira-se da Sociedade, cedendo e transferindo, a título oneroso, a totalidade de suas 138.216.756 (cento e trinta e oito milhões, duzentas e dezesseis mil, setecentas e cinquenta e seis) quotas subscritas e integralizadas no capital social da Sociedade, com valor nominal de R$ 1,00 (um real) cada, totalizando o valor de R$ 138.216.756,00 (cento e trinta e oito milhões, duzentos e dezesseis mil, setecentos e cinquenta e seis) reais, com tudo que estas representam, livres e desembaraçadas de quaisquer ônus, encargos e/ou gravames para a **TOG BRAZIL**.

CONFERIDO
RG: 29.158.145-6



**2.4.** **RAKUTEN** outorga, neste ato, à Sociedade a mais ampla, geral, irrevogável e irretratável quitação de seus haveres, para dela nada mais reclamar, seja a que título for.

**2.5.** Neste contexto, **TOG BRAZIL** passa a ser a única sócia da Sociedade. Assim, inexistindo a intenção de recompor a pluralidade de sócios, a Sociedade passará a ser considerada, neste ato, uma sociedade limitada unipessoal, nos termos do parágrafo 1º do Artigo 1.052 da Lei nº 10.406/02 (Código Civil), incluído pela Lei nº 13.874/19, e da Instrução Normativa DREI nº 63/2019.

**2.6.** Em razão das deliberações acima, a única sócia **TOG BRAZIL** decide reformar o Contrato Social, doravante denominado "Ato Constitutivo", para refletir a unipessoalidade da Sociedade, excluindo o Capítulo IV, reformulando o novo Capítulo V, renumerando os capítulos e cláusulas seguintes, bem como excluindo quaisquer referências à pluralidade de sócias, com a consequente alteração das novas Cláusulas 5ª, 7ª, 8ª, 10ª, 11ª, 12ª, 13ª, 14ª, 15ª e 21ª, que passarão a vigorar com as seguintes novas redações:

> "**Cláusula 5ª** – O capital social, totalmente subscrito e integralizado, em moeda corrente nacional, é de R$ 138.216.756,00 (cento e trinta e oito milhões, duzentos e dezesseis mil, setecentos e cinquenta e seis) reais, dividido em 138.216.756 (cento e trinta e oito milhões, duzentas e dezesseis mil, setecentas e cinquenta e seis) quotas nominativas, cujo valor nominal é de R$ 1,00 (um real) cada, detidas integralmente pela Sócia Única **TOG BRAZIL**.

> **Parágrafo Único.** A responsabilidade da Sócia Única é restrita ao valor do capital social."

> "**Cláusula 7ª** – A Sociedade se obriga e será representada apenas:

> (i) pelo ato ou assinatura de qualquer Administrador, agindo de acordo com este Ato Constitutivo e o Regulamento Interno da Sociedade; ou

> (ii) pelo ato ou assinatura de um procurador, com poderes específicos, devidamente constituído por procuração e em conformidade com os poderes nela outorgados.

> **Parágrafo Único** – Todas as procurações outorgadas pela Sociedade, as quais deverão ser necessária e exclusivamente assinadas por qualquer Administrador,



VISTO
CONFERIDO
RG: 29.154.145-6

deverão conter uma descrição clara dos poderes outorgados e deverão ter prazo determinado de, no máximo, 1 (um) ano, exceção feita às procurações outorgadas a advogados para fins de representação da Sociedade em processos judiciais, que poderão ser outorgadas por prazo indeterminado."

"**Cláusula 8ª** – É vedada ao(s) Administrador(es) e a qualquer procurador, sendo, portanto, nulas em relação à Sociedade: (i) a prática de atos fora do curso normal dos negócios da Sociedade; e (ii) a prática dos atos descritos abaixo sem prévia e expressa anuência da Sócia Única:

(a)    Outorgar quaisquer poderes de representação ou designar qualquer procurador para representar a Sociedade;

(b)    Negociar com as próprias quotas, para permanência em tesouraria ou para alienação ou cancelamento;

(c)    Contratar, na posição de mutuária, empréstimos, financiamentos, mútuos com terceiros, incluindo instituições financeiras, acima do limite de crédito de R$ 5.000.000,00 (cinco milhões de reais);

(d)    Contratar, na posição de mutuante, quaisquer empréstimos, financiamento, ou mútuos com terceiros, exceto a outorga de créditos para clientes no valor de até R$ 3.000.000,00 (três milhões de reais);

(e)    Movimentar contas bancárias e / ou emitir, endossar, aceitar ou descontar cheques e títulos de crédito, realizar pagamentos, em uma ou mais operações cujo valor agregado exceda R$ 500.000,00 (quinhentos mil reais);

(f)    Adquirir ou alienar ativos móveis da Sociedade avaliados em concordância com as demonstrações financeiras da Sociedade em R$ 200.000,00 (duzentos mil reais) ou mais, por transação;

(g)    Emitir ordens de pagamento em valores iguais ou superiores a R$ 200.000,00 (duzentos mil reais) ou mais, por transação;

(h)    Contratar e dispensar diretores e / ou pessoal-chave da Sociedade, incluindo a aprovação de suas remunerações, modificação dos direitos e garantias concedidas às referidas pessoas, ou definição quanto a pagamentos de indenização;



VISTO
CONFERIDO
RG: 29.158.145-6



*(i)      Negociar, assinar, renovar ou alterar contratos, bem como assinar quaisquer outros documentos, dentro do curso ordinário dos negócios da Sociedade, que possuam valor envolvido, em uma ou mais operações, igual ou superior a R$ 200.000,00 (duzentos mil reais);*

*(j)      Adquirir, alienar e / ou onerar bens imóveis da Sociedade, ou a celebração, alteração ou rescisão de contratos de locação de imóveis pela Sociedade;*

*(k)      Aprovar que executivos da Sociedade prestem serviços para terceiros, que não empresas do mesmo grupo econômico da Sociedade, ou a desempenharem atividades potencialmente concorrentes com a Sociedade, bem como a aprovação de transações celebradas com executivos da Sociedade com potencial conflito de interesses;*

*(l)      Início ou término de qualquer litígio judicial ou extrajudicial cujo valor envolvido seja superior a R$ 100.000,00 (cem mil reais), ou início de qualquer demanda na posição de autora fora do curso normal das atividades da Sociedade;*

*(m)      Início, desistência ou celebração de acordo sobre qualquer litígio que possa afetar a reputação e a credibilidade da Sociedade e/ou de seu grupo econômico;*

*(n)      Alienar, doar, onerar, liquidar quaisquer participações da Sociedade em outras empresas (incluindo, sem limitação, em empresas controladas pela Sociedade);*

*(o)      Participar, diretamente ou através de quaisquer sociedades nas quais a Sociedade possua qualquer participação, em sociedades, joint ventures, associações, grupos de empresas ou consórcios de qualquer espécie;*

*(p)      Investir ou adquirir qualquer participação em outras sociedades (incluindo, sem limitação, em quaisquer sociedades controladas pela Sociedade);*





*(q)* Aprovar qualquer acordo entre a Sociedade e (a) qualquer um dos seus administradores; ou (b) quaisquer partes relacionadas à Sociedade ou a qualquer um de seus Diretores;

*(r)* Publicar quaisquer avisos sobre a Sociedade, por meio de qualquer forma de comunicação;

*(s)* Outorgar qualquer garantia em nome próprio ou de terceiros;

*(t)* Perdoar créditos ou reconhecer perda sobre créditos da Sociedade em valores superiores a R$ 200.000,00 (duzentos mil reais); e

*(u)* Tomar qualquer decisão com relação a subsidiárias, entidades, empresas ou empreendimentos em que a Sociedade detenha participação.

**Parágrafo Único.** A prévia e expressa anuência da Sócia Única mencionada no Caput desta Cláusula, deverá ser concedida por escrito, podendo ser enviada por e-mail, fac-símile ou carta registrada ao Administrador. Referida anuência deverá ser emitida pela própria Sócia Única representada por seus diretores com os necessários poderes, podendo ser emitida por procuradores da Sócia Única apenas na hipótese de autorização específica e escrita da Sócia Única (que poderá ser evidenciada por e-mail ou qualquer documento assinado)."

**"Cláusula 10ª** – Em 31 de dezembro de cada ano, e sempre que exigido pela regulamentação aplicável, a Sociedade fará elaborar o balanço geral e as demais demonstrações financeiras previstas nas disposições legais e regulamentares em vigor.

**Parágrafo Único.** A Sociedade poderá levantar balanços ou balancetes intermediários com a finalidade de, mediante aprovação prévia e expressa da Sócia Única, distribuir lucros ou dividendos."

**"Cláusula 11ª** – A Sociedade somente será dissolvida por deliberação da Sócia Única ou nos casos previstos em lei. Neste caso, proceder-se-á à liquidação de seu ativo e passivo e o remanescente do patrimônio social será atribuído à Sócia Única. A Sócia Única estabelecerá o modo de liquidação e nomeará o liquidante dentre pessoas físicas ou jurídicas de ilibada reputação residentes e domiciliadas na República Federativa do Brasil."

JUCESP

11 11 19

VISTO
CONFERIDO
RG: 29.158/145-6

"*Cláusula 12ª – A Sociedade poderá adotar qualquer outro tipo societário por decisão da Sócia Única.*"

"*Cláusula 13ª* – Qualquer disputa, controvérsia, ou conflitos de qualquer natureza resultante ou relacionado com o presente Ato Constitutivo e interesses da Sócia Única na Sociedade ("*Conflito*"), incluindo conflitos entre a Sociedade e a Sócia Única, e os administradores e a Sociedade ou a Sócia Única, serão resolvidos por meio de arbitragem.*"

"*Cláusula 14ª* – Antes de iniciada a arbitragem para resolução de qualquer Conflito, as partes deverão tentar negociar o um acordo sobre o Conflito de forma amigável, dentro de 30 (trinta) dias contados a partir do recebimento de notificação escrita enviada por qualquer parte à outra.*"

"*Cláusula 15ª* – Caso as partes, por qualquer motivo, não resolvam o Conflito de forma amigável dentro do prazo de 30 (trinta) dias acima estabelecido, o Conflito deverá ser submetido à arbitragem perante o Centro de Arbitragem da Câmara Arbitragem do Mercado, da BMF&Bovespa ("*CAM*") de acordo com o regulamento de arbitragem da Câmara ("*Regulamento*") em vigor no momento em que a Câmara receber a notificação para instituição da arbitragem, exceto se diversamente deliberado neste Ato Constitutivo ou por acordo mútuo entre as partes. Qualquer controvérsia relacionada ao início da arbitragem deverá ser finalmente resolvida pelos árbitros em conformidade com o estabelecido neste Capítulo VII.*"

"*Cláusula 21ª* – As partes devem preservar a confidencialidade de todos os aspectos da arbitragem e não poderão divulgar a terceiros (exceto divulgação para sociedade controladora, controlada ou afiliada da parte com base em uma necessidade de saber e esse afiliado é informado da natureza confidencial de tal informação e é instruído a manter tais informações confidenciais) todas as informações conhecidas e documentos produzidos durante a arbitragem que não seriam divulgadas de outra forma no domínio público, todas as provas e materiais elaborados com o propósito da arbitragem, e quaisquer recompensas oriundas da arbitragem, exceto, e na medida em que tal divulgação seja necessária (i) por lei ou regulamento; (ii) para proteger ou buscar direito legal; ou (iii) fazer cumprir ou questionar uma sentença perante autoridade judicial competente. Quaisquer controvérsias relacionadas às obrigações de confidencialidade estabelecidas neste Ato Constitutivo deverão ser resolvidas pelo Painel Arbitral.*"



SEM VALI... (watermark)

VISTO
CONFERIDO
RG: 29.158.145/6

## III.   ALTERAÇÃO DA DENOMINAÇÃO SOCIAL

**3.1.**   A sócia decide alterar a denominação social da Sociedade de **RAKUTEN BRAZIL HOLDINGS LTDA.**, para **NEXGENESIS HOLDINGS LTDA.**

**3.2.**   Em razão da deliberação acima, a sócia resolve alterar a Cláusula 1ª do Ato Constitutivo da Sociedade, que passará a vigorar com a seguinte nova redação:

> "*Cláusula 1ª – A sociedade girará sob a denominação social de NEXGENESIS HOLDINGS LTDA. ("Sociedade") e será regida por Ato Constitutivo, pelas disposições legais pertinentes às sociedades limitadas e, supletivamente, pela Lei nº 6.404 de 15 de dezembro de 1976 e suas alterações posteriores, com exclusão de qualquer outra disposição legal comercial ou societária, de cunho não obrigatório, relativa às sociedades limitadas.*"

## IV.   DESTITUIÇÃO E NOMEAÇÃO DE ADMINISTRADORES

**4.1.**   A sócia, neste ato, resolve destituir o Sr. **RENE TOSHIRO ABE**, brasileiro, casado, administrador de empresas, portador da Cédula de Identidade RG nº 16549437 SSP/SP, inscrito no CPF/ME sob o nº 132.125.298-65, residente e domiciliado na Cidade de São Paulo, Estado de São Paulo, com endereço comercial na Avenida Francisco Matarazzo, nº 1500, 6º andar, New York Tower, Água Branca, CEP 05001-100, do cargo de administrador da Sociedade, ao qual foi nomeado por meio da 18ª Alteração do Contrato Social da Sociedade, registrada na JUCESP sob o nº 440.252/16-7, em sessão de 7 de outubro de 2016. Em razão dessa destituição, todos os poderes conferidos ao Sr. **RENE TOSHIRO ABE** são, a partir desta data, revogados.

**4.2.**   Em ato seguinte, a sócia nomeia a Sra. **ELAINE OLIVEIRA ZUCCHI**, brasileira, solteira em união estável, empresária, portadora da Cédula de Identidade RG nº 34.679.735-4 SSP/SP, inscrita no CPF/ME sob o nº 343.579.848-31, residente e domiciliada na Cidade de São Paulo, Estado de São Paulo, na Avenida Paulista, no 171, 4º andar, Bela Vista, CEP 01311-000, para o cargo de administradora da Sociedade, com mandato por prazo indeterminado.

**4.3.**   A Sra. **ELAINE OLIVEIRA ZUCCHI**, que toma posse neste ato, declara, sob as penas da lei, que não está impedida por lei especial de atuar como administradora da Sociedade, bem como não foi condenada a penas que vedem, temporária ou permanentemente, o acesso a cargos públicos, por crimes falimentares, de prevaricação,



VISTO
CONFERIDO
RG: 29.158.145/b

de peita ou suborno, de concussão, de peculato, contra a economia popular, contra o sistema financeiro nacional, contra as normas de defesa da concorrência, contra as relações de consumo, contra a fé pública ou a propriedade.

**4.4.** Em razão das deliberações acima, a sócia resolvem alterar a Cláusula 6ª do Ato Constitutivo da Sociedade, que passará a vigorar com a seguinte nova redação:

"*Cláusula 6ª – A Sociedade será administrada por até 2 (dois) administradores, residentes no Brasil ("Administrador(es)"). O(s) Administrador(es) será(ão) eleito(s) por prazo indeterminado e será(ão) dispensado(s) de prestar caução em garantia dos seus atos de gestão.*

*Parágrafo 1º – A Sociedade será administrada pela Sra. ELAINE OLIVEIRA ZUCCHI, brasileira, solteira em união estável, empresária, portadora da Cédula de Identidade RG nº 34.679.735-4 SSP/SP, inscrita no CPF/ME sob o nº 343.579.848-31, residente e domiciliada na Cidade de São Paulo, Estado de São Paulo, na Avenida Paulista, no 171, 4º andar, Bela Vista, CEP 01311-000, que deverá ocupar o cargo de Administradora da Sociedade por prazo indeterminado, declarando expressamente, para todos os fins e efeitos legais, que não está impedida por lei especial de exercer a administração da Sociedade e nem foi condenada (ou encontra-se sob efeito de condenação) (i) a pena que vede, ainda que temporariamente, o acesso a cargos públicos; (ii) por crime falimentar, de prevaricação, peita ou suborno, concussão, peculato; ou (iii) por crime contra a economia popular, o sistema financeiro nacional, as normas de defesa da concorrência, as relações de consumo, a fé pública ou a propriedade.*

*Parágrafo 2º – A Sociedade será representada em juízo e fora dele pelo(s) Administrador(es), individual ou conjuntamente.*

*Parágrafo 3º – Cada Administrador será investido em seu cargo mediante a assinatura: (i) em termo de posse lavrado em livro próprio da Sociedade, em até 30 (trinta) dias de sua eleição; ou (ii) em Alteração do Ato Constitutivo ou em instrumento em separado por meio do qual tenha sido eleito.*

*Parágrafo 4º – No caso de renúncia ou impedimento permanente de um Administrador, ou qualquer outra vacância, a Sócia Única deverá eleger um substituto, que permanecerá no cargo durante o restante do mandato do Administrador anterior.*

JUCESP

11 11 19

VISTO
CONFERIDO
RG: 29.158.145-6

*Parágrafo 5º* – *O(s) Administrador(es) terá(ão) direito a uma remuneração no valor fixado pela Sócia Única, remuneração esta que será levada a débito de despesas gerais da Sociedade.*

*Parágrafo 6º* – *O(s) Administrador(es) terá(ao) responsabilidade pessoal e ilimitada pelas obrigações resultantes de atos praticados com excesso de poderes ou infração de lei ou deste Ato Constitutivo. A Sociedade não ficará obrigada por atos praticados fora do escopo do seu objeto social.*"

## V.   EXCLUSÃO DO CONSELHO CONSULTIVO

**5.1.**   A sócia decide excluir o Conselho Consultivo da Sociedade.

**5.2.**   Em razão da deliberação acima, a sócia decide excluir o antigo Capítulo IV (Conselho Consultivo) do Ato Constitutivo, renumerando as cláusulas seguintes, bem como excluir quaisquer referências no Ato Constitutivo ao Conselho Consultivo.

## VI.   RATIFICAÇÃO E CONSOLIDAÇÃO

**6.1.**   Em decorrência das deliberações acima, a única sócia **TOG BRAZIL** resolve consolidar o Ato Constitutivo, que passará a vigorar com a seguinte nova redação:

### "ATO CONSTITUTIVO DA
### NEXGENESIS HOLDINGS LTDA.

### CNPJ/ME: 13.271.186/0001-65
### NIRE: 35.225.147.466

**TOG BRAZIL HOLDINGS, INC.,** sociedade devidamente constituída e existente de acordo com as leis do Estado de Delaware, Estados Unidos da América, com sede na 850 New Burton Road, Suite 201, Cidade de Dover, no Condado de Kent, Estado de Delaware, Estados Unidos da América, Código Postal 19904, inscrita no CNPJ/ME sob o nº 35.212.483/0001-72, neste ato representada por sua bastante procuradora, **Elaine Oliveira Zucchi**, brasileira, solteira em união estável, empresária, portadora da Cédula de Identidade RG nº 34.679.735-4 SSP/SP, inscrita no CPF/ME sob o nº 343.579.848-31, residente e domiciliada na Cidade de São Paulo, Estado de São Paulo, na Avenida Paulista, no 171, 4º andar, Bela Vista, CEP 01311-000 ("Sócia Única")

SEM VALOR DE CERTIDÃO



VISTO
CONFERIDO
RG: 29.158.145-6

Resolve constituir sociedade limitada unipessoal, nos termos do art. 1.052, §1º, do Código Civil, a qual se regerá pelos seguintes termos e condições:

## I – DENOMINAÇÃO SOCIAL – SEDE – OBJETO E DURAÇÃO

**Cláusula 1ª** – A sociedade girará sob a denominação social de **NexGenesis Holdings Ltda.** ("Sociedade") e será regida por este Ato Constitutivo, pelas disposições legais pertinentes às sociedades limitadas e, supletivamente, pela Lei nº 6.404 de 15 de dezembro de 1976 e suas alterações posteriores, com exclusão de qualquer outra disposição legal comercial ou societária, de cunho não obrigatório, relativa às sociedades limitadas.

**Cláusula 2ª** – A Sociedade terá sua sede e foro na Avenida Francisco Matarazzo, nº 1.500, New York Tower, 6º andar, Água Branca, CEP 05001-100, Cidade de São Paulo, Estado de São Paulo e poderá, por determinação da Sócia Única, abrir e fechar filiais, agências e escritórios em qualquer parte do país.

**Cláusula 3ª** – A Sociedade tem por objeto serviços de consultoria para confecção de lojas virtuais e centros de compra online e atividades de marketing pela internet, bem como a participação em outras sociedades, como sócia, acionista ou quotista, ou em consórcios, como consorciada.

**Cláusula 4ª** – O prazo de duração da Sociedade é indeterminado.

## II – CAPITAL SOCIAL

**Cláusula 5ª** – O capital social, totalmente subscrito e integralizado, em moeda corrente nacional, é de R$ 138.216.756,00 (cento e trinta e oito milhões, duzentos e dezesseis mil, setecentos e cinquenta e seis) reais, dividido em 138.216.756 (cento e trinta e oito milhões, duzentas e dezesseis mil, setecentas e cinquenta e seis) quotas nominativas, cujo valor nominal é de R$ 1,00 (um real) cada, detidas integralmente pela Sócia Única **TOG BRAZIL**.

**Parágrafo Único**. A responsabilidade da Sócia Única é restrita ao valor do capital social.





## III – ADMINISTRAÇÃO DA SOCIEDADE

**Cláusula 6ª** – A Sociedade será administrada por até 2 (dois) administradores, residentes no Brasil ("Administrador(es)"). O(s) Administrador(es) será(ão) eleito(s) por prazo indeterminado e será(ão) dispensado(s) de prestar caução em garantia dos seus atos de gestão.

**Parágrafo 1º** – A Sociedade será administrada pela Sra. **ELAINE OLIVEIRA ZUCCHI**, brasileira, solteira em união estável, empresária, portadora da Cédula de Identidade RG nº 34.679.735-4 SSP/SP, inscrita no CPF/ME sob o nº 343.579.848-31, residente e domiciliada na Cidade de São Paulo, Estado de São Paulo, na Avenida Paulista, no 171, 4º andar, Bela Vista, CEP 01311-000, que deverá ocupar o cargo de Administradora da Sociedade por prazo indeterminado, declarando expressamente, para todos os fins e efeitos legais, que não está impedida por lei especial de exercer a administração da Sociedade e nem foi condenada (ou encontra-se sob efeito de condenação) (i) a pena que vede, ainda que temporariamente, o acesso a cargos públicos; (ii) por crime falimentar, de prevaricação, peita ou suborno, concussão, peculato; ou (iii) por crime contra a economia popular, o sistema financeiro nacional, as normas de defesa da concorrência, as relações de consumo, a fé pública ou a propriedade.

**Parágrafo 2º** – A Sociedade será representada em juízo e fora dele pelo(s) Administrador(es), individual ou conjuntamente.

**Parágrafo 3º** – Cada Administrador será investido em seu cargo mediante a assinatura: (i) em termo de posse lavrado em livro próprio da Sociedade, em até 30 (trinta) dias de sua eleição; ou (ii) em Alteração do Ato Constitutivo ou em instrumento em separado por meio do qual tenha sido eleito.

**Parágrafo 4º** – No caso de renúncia ou impedimento permanente de um Administrador, ou qualquer outra vacância, a Sócia Única deverá eleger um substituto, que permanecerá no cargo durante o restante do mandato do Administrador anterior.

**Parágrafo 5º** – O(s) Administrador(es) terá(ão) direito a uma remuneração no valor fixado pela Sócia Única, remuneração esta que será levada a débito de despesas gerais da Sociedade.



VISTO
CONFERIDO
RG: 29.158.148-6

**Parágrafo 6º** – O(s) Administrador(es) terá(ao) responsabilidade pessoal e ilimitada pelas obrigações resultantes de atos praticados com excesso de poderes ou infração de lei ou deste Ato Constitutivo. A Sociedade não ficará obrigada por atos praticados fora do escopo do seu objeto social.

**Cláusula 7ª** – A Sociedade se obriga e será representada apenas:

(i) pelo ato ou assinatura de qualquer Administrador, agindo de acordo com este Ato Constitutivo e o Regulamento Interno da Sociedade; ou

(ii) pelo ato ou assinatura de um procurador, com poderes específicos, devidamente constituído por procuração e em conformidade com os poderes nela outorgados.

**Parágrafo Único**. Todas as procurações outorgadas pela Sociedade, as quais deverão ser necessária e exclusivamente assinadas por qualquer Administrador, deverão conter uma descrição clara dos poderes outorgados e deverão ter prazo determinado de, no máximo, 1 (um) ano, exceção feita às procurações outorgadas a advogados para fins de representação da Sociedade em processos judiciais, que poderão ser outorgadas por prazo indeterminado.

**Cláusula 8ª** – É vedada ao(s) Administrador(es) e a qualquer procurador, sendo, portanto, nulas em relação à Sociedade: (i) a prática de atos fora do curso normal dos negócios da Sociedade; e (ii) a prática dos atos descritos abaixo sem prévia e expressa anuência da Sócia Única:

(a)     Outorgar quaisquer poderes de representação ou designar qualquer procurador para representar a Sociedade;

(b)     Negociar com as próprias quotas, para permanência em tesouraria ou para alienação ou cancelamento;

(c)     Contratar, na posição de mutuaria, empréstimos, financiamentos, mútuos com terceiros, incluindo instituições financeiras, acima do limite de crédito de R$ 5.000.000,00 (cinco milhões de reais);

(d)     Contratar, na posição de mutuante, quaisquer empréstimos, financiamento, ou mútuos com terceiros, exceto a outorga de créditos para clientes no valor de até R$ 3.000.000,00 (três milhões de reais);

This public translation certificate was digitally signed by the Official Translator Sandra Regina Mattos Rudzk verification code at https://www.portaldeassinaturas.com.br:443 is 3600-BC14-32CA-32C4.





(e)     Movimentar contas bancárias e / ou emitir, endossar, aceitar ou descontar cheques e títulos de crédito, realizar pagamentos, em uma ou mais operações cujo valor agregado exceda R$ 500.000,00 (quinhentos mil reais);

(f)     Adquirir ou alienar ativos móveis da Sociedade avaliados em concordância com as demonstrações financeiras da Sociedade em R$ 200.000,00 (duzentos mil reais) ou mais, por transação;

(g)     Emitir ordens de pagamento em valores iguais ou superiores a R$ 200.000,00 (duzentos mil reais) ou mais, por transação;

(h)     Contratar e dispensar diretores e / ou pessoal-chave da Sociedade, incluindo a aprovação de suas remunerações, modificação dos direitos e garantias concedidas às referidas pessoas, ou definição quanto a pagamentos de indenização;

(i)     Negociar, assinar, renovar ou alterar contratos, bem como assinar quaisquer outros documentos, dentro do curso ordinário dos negócios da Sociedade, que possuam valor envolvido, em uma ou mais operações, igual ou superior a R$200.000,00 (duzentos mil reais);

(j)     Adquirir, alienar e / ou onerar bens imóveis da Sociedade, ou a celebração, alteração ou rescisão de contratos de locação de imóveis pela Sociedade;

(k)     Aprovar que executivos da Sociedade prestem serviços para terceiros, que não empresas do mesmo grupo econômico da Sociedade, ou a desempenharem atividades potencialmente concorrentes com a Sociedade, bem como a aprovação de transações celebradas com executivos da Sociedade com potencial conflito de interesses;

(l)     Início ou término de qualquer litígio judicial ou extrajudicial cujo valor envolvido seja superior a R$ 100.000,00 (cem mil reais), ou início de qualquer demanda na posição de autora fora do curso normal das atividades da Sociedade;

(m)    Início, desistência ou celebração de acordo sobre qualquer litígio que possa afetar a reputação e a credibilidade da Sociedade e/ou de seu grupo econômico;

(n)     Alienar, doar, onerar, liquidar quaisquer participações da Sociedade em outras empresas (incluindo, sem limitação, em empresas controladas pela Sociedade);





(o) Participar, diretamente ou através de quaisquer sociedades nas quais a Sociedade possua qualquer participação, em sociedades, joint ventures, associações, grupos de empresas ou consórcios de qualquer espécie;

(p) Investir ou adquirir qualquer participação em outras sociedades (incluindo, sem limitação, em quaisquer sociedades controladas pela Sociedade);

(q) Aprovar qualquer acordo entre a Sociedade e (a) qualquer um dos seus administradores; ou (b) quaisquer partes relacionadas à Sociedade ou a qualquer um de seus Diretores;

(r) Publicar quaisquer avisos sobre a Sociedade, por meio de qualquer forma de comunicação;

(s) Outorgar qualquer garantia em nome próprio ou de terceiros;

(t) Perdoar créditos ou reconhecer perda sobre créditos da Sociedade em valores superiores a R$ 200.000,00 (duzentos mil reais); e

(u) Tomar qualquer decisão com relação a subsidiárias, entidades, empresas ou empreendimentos em que a Sociedade detenha participação.

**Parágrafo Único** – A prévia e expressa anuência da Sócia Única mencionada no Caput desta Cláusula, deverá ser concedida por escrito, podendo ser enviada por e-mail, fac-símile ou carta registrada ao Administrador. Referida anuência deverá ser emitida pela própria Sócia Única representada por seus diretores com os necessários poderes, podendo ser emitida por procuradores da Sócia Única apenas na hipótese de autorização específica e escrita da Sócia Única (que poderá ser evidenciada por e-mail ou qualquer documento assinado).

## IV – EXERCÍCIO SOCIAL, DEMONSTRAÇÕES FINANCEIRAS E DISTRIBUIÇÃO DE RESULTADOS

**Cláusula 9ª** – O exercício social iniciará em 1º de janeiro e terminará em 31 de dezembro de cada ano.

**Cláusula 10ª** – Em 31 de dezembro de cada ano, e sempre que exigido pela regulamentação aplicável, a Sociedade fará elaborar o balanço geral e as demais demonstrações financeiras previstas nas disposições legais e regulamentares em vigor.



VISTO
CONFERIDO
RG: 29.158.145-6

**Parágrafo Único**. A Sociedade poderá levantar balanços ou balancetes intermediários com a finalidade de, mediante aprovação prévia e expressa da Sócia Única, distribuir lucros ou dividendos.

## V – DISSOLUÇÃO E LIQUIDAÇÃO

**Cláusula 11ª** – A Sociedade somente será dissolvida por deliberação da Sócia Única ou nos casos previstos em lei. Neste caso, proceder-se-á à liquidação de seu ativo e passivo e o remanescente do patrimônio social será atribuído à Sócia Única. A Sócia Única estabelecerá o modo de liquidação e nomeará o liquidante dentre pessoas físicas ou jurídicas de ilibada reputação residentes e domiciliadas na República Federativa do Brasil.

## VI – TRANSFORMAÇÃO

**Cláusula 12ª** – A Sociedade poderá adotar qualquer outro tipo societário por decisão da Sócia Única.

## CAPÍTULO VII – ARBITRAGEM

**Cláusula 13ª** – Qualquer disputa, controvérsia, ou conflitos de qualquer natureza resultante ou relacionado com o presente Ato Constitutivo e interesses da Sócia Única na Sociedade ("Conflito"), incluindo conflitos entre a Sociedade e a Sócia Única, e os administradores e a Sociedade ou a Sócia Única, serão resolvidos por meio de arbitragem.

**Cláusula 14ª** – Antes de iniciada a arbitragem para resolução de qualquer Conflito, as partes deverão tentar negociar o um acordo sobre o Conflito de forma amigável, dentro de 30 (trinta) dias contados a partir do recebimento de notificação escrita enviada por qualquer parte à outra.

**Cláusula 15ª** – Caso as partes, por qualquer motivo, não resolvam o Conflito de forma amigável dentro do prazo de 30 (trinta) dias acima estabelecido, o Conflito deverá ser submetido à arbitragem perante o Centro de Arbitragem da Câmara Arbitragem do Mercado, da BMF&Bovespa ("CAM") de acordo com o regulamento de arbitragem da Câmara ("Regulamento") em vigor no momento em que a Câmara receber a notificação para instituição da arbitragem, exceto se diversamente deliberado neste Ato Constitutivo ou por acordo mútuo entre as partes. Qualquer controvérsia relacionada ao início da





arbitragem deverá ser finalmente resolvida pelos árbitros em conformidade com o estabelecido neste Capítulo VII.

**Cláusula 16ª** – A arbitragem caberá a um painel de 3 (três) árbitros (o "Painel Arbitral"), sendo um escolhido pelo reclamante na notificação de arbitragem, outro escolhido pelo demandado na resposta, e o terceiro, o qual deverá atuar como presidente do Painel Arbitral, deverá ser escolhido pelos outros dois árbitros em 15 (quinze) dias após a aprovação do último deles. Caso a escolha pelos dois co-árbitros falhe, a CAM deverá nomear o presidente do Painel Arbitral, por meio da utilização de método de lista. Se houver diversas partes, seja como reclamantes ou demandados, os reclamantes, conjuntamente e os demandados, conjuntamente, deverão escolher um co-árbitro. Qualquer controvérsia relacionada à escolha de árbitros pelas partes e/ou a nomeação do terceiro árbitro deverá ser resolvida pela CAM.

**Cláusula 17ª** – A arbitragem será conduzida em inglês, mas qualquer prova poderá ser produzida pelas partes em outras línguas, sem a necessidade de tradução. A cidade de São Paulo, Brasil, é onde será localizada a sede da arbitragem. A solução do Conflito será regida pelas leis do Brasil, e não poderá ser decidida ex aequo et bono.

**Cláusula 18ª** – Qualquer sentença proferida pelo Painel Arbitral será final, obrigatória e vinculativa para as partes e seus sucessores, e pode ser inserida e executada em qualquer tribunal com jurisdição ou mesmo que tenha jurisdição sobre a parte relevante e/ou qualquer de seus ativos.

**Cláusula 19ª** – Sem prejuízo do acima disposto, fica eleito o foro da Comarca da Capital do Estado de São Paulo, com jurisdição exclusiva para (i) garantir o início dos procedimentos de arbitragem; e (ii) requerer medidas cautelares para proteção de direitos anteriormente à constituição do Painel Arbitral. Qualquer medida cautelar deferida por autoridade judicial deverá ser imediatamente informada pela parte requerente à CAM. Uma vez constituído, o Painel Arbitral poderá modificar, suspender e terminar tais medidas.

**Cláusula 20ª** – Cada parte deverá arcar com os custos e despesas envolvidos na preparação e apresentação de seu caso, incluindo os custos com aconselhamento, assistentes e testemunhas. A sentença arbitral deverá atribuir à parte derrotada, ou para ambas as partes na proporção do sucesso relativo de suas alegações e pedidos, os custos e despesas da arbitragem, incluindo honorários advocatícios.



VISTO
CONFERIDO
RG: 29.158.145-6

**Cláusula 21ª** – As partes deverão preservar a confidencialidade de todos os aspectos da arbitragem e não poderão divulgar a terceiros (exceto divulgação para sociedade controladora, controlada ou afiliada da parte com base em uma necessidade de saber e esse afiliado é informado da natureza confidencial de tal informação e é instruído a manter tais informações confidenciais) todas as informações conhecidas e documentos produzidos durante a arbitragem que não seriam divulgadas de outra forma no domínio público, todas as provas e materiais elaborados com o propósito da arbitragem, e quaisquer recompensas oriundas da arbitragem, exceto, e na medida em que tal divulgação seja necessária (i) por lei ou regulamento; (ii) para proteger ou buscar direito legal; ou (iii) fazer cumprir ou questionar uma sentença perante autoridade judicial competente. Quaisquer controvérsias relacionadas às obrigações de confidencialidade estabelecidas neste Ato Constitutivo deverão ser resolvidas pelo Painel Arbitral.

**Cláusula 22ª** – Este acordo de arbitragem vincula a Sociedade, a qual expressamente concorda em submeter-se e cumprir com todos os termos e condições deste Capítulo VII."

*[O fecho e as assinaturas encontram-se na próxima página]*



SEM VALOR DE ORIGINAL

VISTO
CONFERIDO
RG: 29.153.145-6

*[fecho e assinaturas da 27ª Alteração do Contrato Social
de Rakuten Brazil Holdings Ltda.]*

Assim, certos e ajustados, assinam o presente instrumento em 3 (três) vias, de igual
forma e teor, em presença de 2 (duas) testemunhas, devendo ser arquivado na Junta
Comercial do Estado de São Paulo para os efeitos legais.

São Paulo, 28 de outubro de 2019.

Sócias:

_____

**RAKUTEN, INC.**
p.p. Luiz Carlos Giannini Tanisho

_____

**RAKUTEN USA, INC.**
p.p. Luiz Carlos Giannini Tanisho

_____

**TOG BRAZIL HOLDINGS, INC.**
p.p. Elaine Oliveira Zucchi

Administradora Nomeada:

_____

**ELAINE OLIVEIRA ZUCCHI**

SECRETARIA DE DESENVOLVIMENTO
ECONÔMICO - JUCESP

GISELA STMIEMA DESCHIN
SECRETÁRIA GERAL

571.927/19-1

JUCESP
1 1 NOV. 2019
ESP - PAULISTA

Testemunhas:

1._____
Nome:    Angela Najano
RG: 27256174-5 (SR/SR)
RG:      CPF: 269.203.078-80
CPF/ME:

2._____
Nome:    Kleber A. Silva
RG: 27.565.417-5 SSP-SP
RG:      CPF: 218.046.908-05
CPF/ME:

# PROTOCOLO DE ASSINATURA(S)

In order to verify the signature, click here https://www.portaldeassinaturas.com.br/Verificar/3600-BC14-32CA-32C4 or visit https://www.portaldeassinaturas.com.br:443 and use the code below to check if this document is valid.

## Código para verificação: 3600-BC14-32CA-32C4



**Hash do Documento**

391185824C7CF861D1737BEA17AF634CC3653BEFC2FCCF61435404F369DCA1C6

O(s) nome(s) indicado(s) para assinatura, bem como seu(s) status em 15/09/2021 é(são) :

☑ Sandra Regina Mattos Rudzit (Signatário) - 082.060.0█████ em
   15/09/2021 17:24 UTC-03:00
   **Tipo:** Certificado Digital

