# EXHIBIT A

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| In re Application of ) | |
| ) | Civil Action No. 1:21-mc-_____ |
| ITAÚ UNIBANCO S/A ) | |
| ) | |
| For an Order Pursuant to 28 U.S.C. § 1782 to Conduct ) | |
| Discovery for Use in Foreign Proceedings ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:     TOG Brazil Holdings, Inc. / Ten Oaks group
        C/O Cogency Global, Inc.
        850 New Burton Road, Suite 201,
        Dover, County of Kent, Delaware, Zip Code 19904

✓ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See Exhibit A**.

| **Place:** [-], LLP  [-] | **Date and Time:** _____, 2021, 10:00 a.m. |
|---|---|

The deposition will be recorded by this method:  Court Reporter or by remote video deposition

✓ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See Exhibit A**.

| **Place:** [-], LLP  [-] | **Date and Time:** _____, 2021, 10:00 a.m. |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date  _____

                    *CLERK OF COURT*
                                                OR

    _____         _____
     *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing Itaú Unibanco S/A, who issues or requests this subpoena, are: [-], LLP, [-], Delaware, [-]; tel: [-]; email: [-]

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## MATTER DESIGNATION

1. All matters regarding the search for, gathering, and production of, all things produced by you in response to this subpoena, including but not limited to documents or electronically stored information as defined in Fed. R. Civ. P. 34(a)(1)(A)

2. All matters regarding any documents or electronically stored information produced in response to this subpoena, including the authenticity of the same or character as business records.

3. All matters regarding the interpretation of any documents or electronically stored information produced pursuant to this subpoena.

## DEFINITIONS & INSTRUCTIONS

1. "You" or "Your" means the recipient of this subpoena.

2. A search for any person or entity listed in Table A below, should include a search for each name variation as listed in the separate column.

3. "Document" or "Documents" is used in the broadest possible sense, and means any written, graphic, electronically stored information or other recorded (whether visually, electronically, magnetically or otherwise) matter of whatever kind or nature or any other means of preserving thought or expression and all tangible things from which information can be processed, transcribed or retrieved, whether originals, copies or drafts (including, without limitation, non-identical copies), however produced or reproduced, within your possession, custody or control of or the possession, custody or control of any agent, employee, representative or other person acting or purporting to act on your behalf, including, but not limited to: contracts, agreements, correspondence, telegrams, facsimiles, memoranda, records, books, emails, summaries, statistical statements, work papers, charts, analytical records, minutes or records of meetings or conferences, records, reports or summaries of negotiations, drafts, notes, bills, invoices, checks, lists, journals, diaries, matrices for and all other written, printed, recorded or photographic matter or sound reproductions.  A document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions or deletions.  The term "original" includes the file copy or copies of any document if there is no actual original or ribbon copy.

4. "Communications" refers to the transmittal of information by any means.

5. The terms "and" and "or" shall each be interpreted in every instance, both conjunctively and disjunctively, as meaning "and/or" so as to bring within the scope of these document requests any information that might otherwise be construed to be outside their scope.

6. "Relating to" means referring to, pertaining to, being part of, evidencing, being evidence of, generated or transmitted in the course of, constituting, memorializing, or concerning

in any way, all or any part of the specified things, events, transactions, relationships, facts or contentions;

7. "All" means one original, or one copy, of each "document" as defined above. If you have the original, produce the original. If you have a copy but not the original, produce a single copy. If any copy differs from the original or another copy in any respect, including, without limitation, drafts or versions or copies containing notes, comments or insertions, produce each. Any foreign language copies, drafts or originals shall be produced in addition to their English counterparts.

8. Each document is to be produced in its entirety, without abbreviation or expurgation.

9. This is a continuing demand requiring supplemental responses in the event that you become aware of further responsive information, which comes into your actual or constructive possession, custody, or control, after the date hereof.

10. In answering these document requests, you are requested to furnish all documents available to you regardless of whether this information is possessed directly by you, your agents, representatives or employees; or by any other legal or non-legal entities controlled by and/or in any manner affiliated with you.

11. If information stored in, or accessible through, computer or other data retrieval systems is produced, it must be accompanied with instructions and all other materials necessary to retrieve, use and interpret such data, including any meta data.

12. If you have knowledge of any document called for by these requests that was but is no longer in your possession or control, identify each such document and state the circumstances under which you lost possession or control of it.  You also should immediately take steps to preserve all materials and documents that may be subject to the requests contained herein.

13. If you withhold any documents or information on the ground that it is privileged or otherwise protected from disclosure, expressly state the exact legal basis for withholding it, state all facts that support your withholding, and provide a description of the nature of the documents, communications, or things not produced or disclosed.  If a request calls only in part for the disclosure of privileged information, respond to the request to the full extent that such response would not be subject to the objection, provide such information as is not privileged, and provide the information requested in the first sentence of this paragraph as to the privileged information.

**DOCUMENT REQUESTS**

1. All and any Documents relating to the *Quota Purchase Agreement* between Rakuten Brazil Holding Ltda. and [You / TOG Brazil Holdings, Inc.], dated October 14, 2019, for the sale of all the quotas (shares) of Rakuten Brasil Internet Service Ltda, Rakuten Brasil Financial Service Ltda and Rakuten Brasil Logistics Services Ltda., including, but not limited to, negotiations, bank records, wire transfers, account statements, loans and investments records, any other agreements related to the sale to TOG Brazil of Rakuten Brasil Internet Service Ltda, Rakuten Brasil Financial Service Ltda and Rakuten Brasil Logistics Services Ltda, any documents

sufficient to identify the source of any payment made to or from any entity listed in **TABLE A** below, and all documents related to funds transferred to or received from any entity listed in **TABLE A** below. This Request is limited to the period beginning January 1, 2019, through and including the present date.

2. All and any Communications with any agents, representatives, or employees of the entities listed in **TABLE A** below, relating to the *Quota Purchase Agreement* above, having a present or past, actual or beneficial relationship with Rakuten Brasil Financial Services Ltda (later named Gencomm Financial Services do Brasil Ltda.), such as beneficial ownership, mandate, or agency. This Request is limited to the period beginning January 1, 2019, through and including the present date.

| TABLE A | |
|---|---|
| **Entity/Individual Name** | **A/K/A Name Variations** |
| Rakuten Brazil Holdings Ltda | NexGenesis Holdings Ltda |
| Rakuten Brasil Financial Services Ltda | Gencomm Financial Services do Brasil Ltda. |
| Rakuten Brasil Internet Service Ltda | Gencomm Internet Services do Brasil Ltda |
| Rakuten Brasil Logistics Ltda | Gencomm Logistics Services do Brasil Ltda |
| Rakuten, Inc | |
| Rakuten USA, Inc | |